UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | |
|     Plaintiff,      ) | |
| ) | |
| vs.      ) | Case No. 07-cr-40009-JPG |
| ) | |
| JAMES MERRIWEATHER,      ) | |
| ) | |
|     Defendant.      ) | |

**MEMORANDUM AND ORDER**

      This matter comes before the Court on defense counsel's Motion (Doc. 31) to withdraw and "no merits" statement.  Following Defendant James Merriweather's guilty plea in this matter, the Federal Public Defender explored whether he qualified for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual (hereinafter "U.S.S.G.") § 1B1.10.  Defense counsel eventually filed the instant motion, wherein she states that no non-frivolous arguments can be made in support of reduction.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  Despite the allowance of a response period by this Court (*see* Doc. 32), Merriweather did not respond to defense counsel's motion.  Meanwhile, the Government filed a Response (Doc. 33), wherein it agreed with the basic assertions and relief requested by defense counsel.

      Merriweather pled guilty to one count of distribution of approximately 1.1 grams of crack cocaine and one count of distribution of 5 grams or more of crack cocaine.  At sentencing, the Court found by a preponderance of the evidence that Merriweather's relevant conduct was at least 5 grams but less than 20 grams, which under U.S.S.G. § 2D1.1 yielded a base offense level of 26. Merriweather's offense level was thereafter reduced by 3 points under U.S.S.G. § 3E1.1 for acceptance of responsibility.  Considering Merriweather's total offense level of 23 and his

criminal history category of IV , this yielded a sentencing range of 70 to 87 months.  However, because the Government filed an enhancement pursuant to 21 U.S.C. § 851, Merriweather's mandatory minimum sentence was 10 years.  *See* 21 U.S.C. § 841(b)(1)(A) (2006).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2) (2006).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider any reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2008), *cert. denied sub nom. McKnight v. United States*, 129 S. Ct. 1924 (2009).

Merriweather cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2) (2006).  Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  The amendments did not, however, reduce the

sentencing range of defendants whose minimum guideline sentence was determined under U.S.S.G. § 5G1.1(b) based on a mandatory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts. *See Forman*, 553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum."). Because Merriweather was sentenced based on a mandatory minimum sentence in accordance with U.S.S.G. § 5G1.1(b), not his base offense level set forth in U.S.S.G. § 2D1.1, under the old and amended guidelines, his guideline sentence would have been 10 years imprisonment. Thus, the amendments did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Merriweather cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider any reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38. The Court therefore **GRANTS** counsel's Motion (Doc. 31) to withdraw.

The Court **DIRECTS** the Clerk of Court to mail a copy of this Memorandum and Order to James N. Merriweather, Reg. #05003-025, FCI Oakdale, Federal Correctional Institution, P.O. Box 5000, Oakdale, LA 71463.

**IT IS SO ORDERED.**
**DATED: March 4, 2010**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**