IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    vs.<br><br>JAMES N. MERRIWEATHER,<br><br>            Defendant. | Case No. 07-cr-40009-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant James N. Merriweather's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 35) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10.  The Court appointed counsel for Merriweather, and counsel filed a "no merits" statement asserting she can make no non-frivolous arguments in support of Merriweather's request (Doc. 37).  *See Anders v. California*, 386 U.S. 738, 744 (1967).  Neither Merriweather nor the government has responded to counsel's "no merits" statement, although they were given an opportunity to do so.  *See* Admin. Order 137 and Doc. 38.

Merriweather pled guilty to one count of distribution of approximately 1.1 grams of crack cocaine and one count of distribution of 5 grams or more of crack cocaine.  At sentencing, the Court found by a preponderance of the evidence that Merriweather's relevant conduct was at least 5 grams but less than 20 grams, which pursuant to U.S.S.G. § 2D1.1 yielded a base offense level of 26.  Merriweather's offense level was thereafter reduced by three points for acceptance of responsibility.  With an offense level of 23 and a criminal history category of IV, Merriweather's sentencing range was 70 to 87 months.  The government, however, filed an

enhancement pursuant to 21 U.S.C. § 851 subjecting Merriweather to a ten year mandatory minimum. Accordingly, his effective guideline range became ten years.

Merriweather now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence. Amendment 750 amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine. The relevant parts of Amendment 750 are retroactive. *See* U.S.S.G. § 1B1.10(c) (2011).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009).

Merriweather cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Although Amendment 750 amended U.S.S.G. § 2D1.1 to lower some base offense levels associated with crack cocaine, it did not reduce the sentencing range of defendants whose minimum guideline sentence was

determined under U.S.S.G. § 5G1.1(b) based on a statutory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts.  *See Forman*, 553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum.").  Because Merriweather was sentenced based on his statutory minimum sentence in accordance with U.S.S.G. § 5G1.1(b), not his base offense level set forth in U.S.S.G. § 2D1.1, under the old and amended guidelines, his guideline sentence would have been ten years.  Thus, the amendments did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Merriweather cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider a reduction request.  *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38.  The Court therefore **DENIES** Merriweather's motion (Doc. 35).

**IT IS SO ORDERED.**

**DATED:** October 31, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
